IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


BRUCE ADAMSON,                                Civ. No. 05-6361-AA
                                              OPINION AND ORDER
     Plaintiff,

  v.

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration,

     Defendant.
_____

Richard F. McGinty
McGinty & Belcher, Attorneys
P.O. Box 12806
Salem, OR 97301
    Attorney for plaintiff

Karin J. Immergut
United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902


1    - OPINION AND ORDER

Neil J. Evans
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902
    Attorneys for defendant

AIKEN, Judge:

Plaintiff brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for Title II Social Security Disability benefits and Title XVI Supplemental Security Income Disability benefits. For the reasons set forth below, the Commissioner's decision is reversed and remanded for further proceedings.

BACKGROUND

Plaintiff filed applications for Title II and Title XVI benefits on May 1, 2003, alleging disability since January 5, 2003. Tr. 66-68, 397-399. On September 4, 2003, the Social Security Administration initially denied plaintiff's application for benefits. Tr. 31-35. On December 29, 2003, plaintiff's application was denied again on reconsideration. Tr. 37-39. Plaintiff requested a hearing before an Administrative Law Judge (ALJ). That hearing took place on July 29, 2005, and the ALJ issued his opinion denying plaintiff benefits on August 16, 2005. Tr. 14-22. Plaintiff then requested review of the ALJ's decision by the Appeals Council. Tr. 9. The Appeals Council denied that

request. Tr. 6-8. The denial by the Appeals Council makes the ALJ's decision the final decision of the Commissioner for purposes of judicial review. 20 C.F.R. § 422.210. Plaintiff now seeks judicial review. 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). Questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner, Waters v. Gardener, 452 F.2d 855, 858 n.7 (9th Cir. 1971), but any negative credibility findings must be supported by findings on the record and by substantial evidence. Cequerra v. Secretary of Health and Human Services, 933

3   - OPINION AND ORDER

F.2d 735, 738 (9th Cir. 1991). However, even where findings are supported by substantial evidence, a "decision should be set aside if the proper legal standards were not applied in weighing the evidence in making the decision." Flake v. Gardner, 399 F.2d 532, 540 (9th Cir. 1968); see also Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

Under sentence four of 42 U.S.C. § 405(g), the court has the power to enter a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing.

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ."  42 U.S.C. § 423(d)(1)(A).

A five-step sequential process exists for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520.

In step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140; 20 C.F.R. § 404.1520(b). If so, the claimant is deemed not

4    - OPINION AND ORDER

disabled. Here, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset of the disability. Tr. 21.

In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." If the Commissioner finds in the negative, the claimant is deemed not disabled. If the Commissioner finds a severe impairment or combination of impairments, the inquiry moves to step three. Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(c). Here, the ALJ found that plaintiff's depression, anxiety, post-traumatic stress disorder, attention deficit hyperactivity disorder, and lumbar spondylosis are severe impairments. Tr. 21. Thus, the inquiry moved to step three.

In step three, the analysis focuses on whether the impairment or combination of impairments meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude gainful activity." Yuckert, 482 U.S. at 141; see 20 C.F.R. § 404.1520(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds to step four. Yuckert, 482 U.S. at 141. Here, the ALJ did not find that plaintiff had an impairment or combination of impairments that was either among the listed impairments or the medical equivalent of any of the listed impairments. Tr. 21.

In step four, the Commissioner determines whether the claimant

5    - OPINION AND ORDER

can still perform "past relevant work." 20 C.F.R. § 404.1520(e). If the claimant is so able, then the Commissioner finds claimant not disabled. In doing so, the Commissioner must first identify the claimant's residual functional capacity (RFC), which reflects the claimant's ability to perform sustained work activities in an ordinary work setting. Social Security Regulation (SSR) 96-8p. In this case, the ALJ found that plaintiff is unable to perform any of his past relevant work. Tr. 21.

In step five, the burden rests with the Commissioner to establish that the claimant is capable of performing other work that exists in significant numbers in the national economy. Yuckert, 482 U.S. at 142; 20 C.F.R. § 404.1520(f). If the Commissioner meets this burden and proves that the claimant is able to perform other work which exists in the national economy, the plaintiff is deemed not disabled. 20 C.F.R. § 404.1566. If the Commissioner fails to meet this burden, then the claimant is deemed to be disabled.

Relying on Medical-Vocational Rules 202.20 and 202.13 as a framework, the ALJ found that plaintiff was capable of performing other work existing in the national economy. Tr. 22. Therefore, the ALJ found plaintiff not disabled within the meaning of the Act. Tr. 22.

## DISCUSSION

Plaintiff asserts that the ALJ's decision should be reversed

because it is unsupported by substantial evidence and because it is based on improper legal standards. Specifically, plaintiff argues that the ALJ erred by: 1) adopting the opinion of an unacceptable medical source with respect to the plaintiff's exertional limitations; 2) failing to consider all of plaintiff's non-exertional limitations; 3) mischaracterizing the medical opinion of an examining physician; 4) failing to accord controlling weight to the opinion of an examining physician; and 5) failing to prove with substantial evidence that plaintiff could perform other work existing in significant numbers in the national economy.

1.  Plaintiff's exertional limitations

Plaintiff fails in his argument that the ALJ erred as a matter of law because the exertional limitations identified in the RFC[1] are not consistent with the medical evidence. Plaintiff specifically claims the ALJ's determination that plaintiff can lift and carry twenty pounds on an occasional basis is not supported by substantial evidence in the record. Plaintiff reasons that the ALJ simply adopted the findings of a physical therapist over those of a treating physician and ignored the fact that a physical therapist

---

[1]Finding 6 in the ALJ's opinion identifies the plaintiff's RFC as: "can lift and carry up to ten pounds on a frequent basis and twenty pounds on an occasional basis; can sit for 60 minutes at a time for four hours a day; stand stationary for 20 minutes at a time for one to two hours per day; and stand and move about for 45 minutes at a time for three to four hours per day. He would also be mildly impaired in short-term memory and in his abilities to maintain concentration." Tr. 21.

7    - OPINION AND ORDER

is an unacceptable medical source for purposes of Social Security Disability law pursuant to 20 C.F.R. §§ 404.1513(a), 416.913(a). Plaintiff argues that the medical opinion of the treating physician is not contradicted by another doctor and therefore can only be rejected by the ALJ for clear and convincing reasons.

Plaintiff is correct that the physical therapist is not an "acceptable medical source" pursuant to 20 C.F.R. §§ 404.1513(a) and 416.913(a). See Bowser v. Commissioner of Social Security, 121 F.App'x 231, 239 (9th Cir. 2005). However, a physical therapist is an "other source" from which an ALJ may draw to arrive at a final conclusion. 20 C.F.R. §§ 404.1513(d), 416.913(d); Bowser, 121 F.App'x at 239. The record indicates Dr. Salvador M. Ortega was plaintiff's treating physician. Dr. Ortega examined plaintiff on March 16, 2001, and advised plaintiff "to limit stoop lifting to 10 lb." Tr. 335. At that time, Dr. Ortega also referred plaintiff to a physical therapist. The physical therapist "projected [plaintiff] would be able to perform work in the light range, lifting and carrying 20 pounds." Tr. 308. The ALJ's opinion in this case properly drew from the physical therapist in arriving at the final conclusion that plaintiff is capable of occasionally lifting and carrying twenty pounds.

That conclusion, however, does not dispose of plaintiff's contention that the ALJ failed to properly reject Dr. Ortega's opinion that plaintiff be limited to lifting ten pounds. The

general rule is that "where an ALJ chooses to disregard the opinion of a treating physician, he must set forth clear and convincing reasons for doing so if the treating physician's opinion is not contradicted by another doctor." Davis v. Heckler, 868 F.2d 323, 326 (9th Cir. 1989). See also Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).  However, "[t]he ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989)).  "[T]he ALJ need not accept a treating physician's opinion which is 'brief and conclusionary in form with little in the way of clinical findings to support [its] conclusion.'" Id. (quoting Young v. Heckler, 803 F.2d 963, 968 (9th Cir. 1986)) (alteration in original).

The medical record plaintiff relies on is brief and conclusionary in form, and nothing in that record indicates Dr. Ortega based the ten pound limitation on a clinical finding. See Tr. 335.  In fact, that record indicates further evaluations would be necessary pending the response of the physical therapist. Tr. 335.  The ALJ did not err by giving more weight to the opinion of the physical therapist than to the opinion of the treating physician who referred the plaintiff to that therapist in the first

9    - OPINION AND ORDER

place.[2]

## 2. Plaintiff's non-exertional limitations and work existing in substantial numbers in the national economy

Plaintiff is correct that the ALJ erred as a matter of law because the non-exertional limitations contained in the RFC are not consistent with the medical evidence. Specifically, the ALJ fails to address the abundance of uncontradicted evidence in the record concerning plaintiff's ability to work in jobs involving public contact. Failing to address such evidence also impacts the ALJ's determination of work existing in substantial numbers in the national economy.

The regulations provide that state agency "medical and psychological consultant findings about the nature and severity of an individual's impairment(s), including any RFC assessments, become opinion evidence." 20 C.F.R. §§ 404.1527(f) and 416.927(f); SSR 96-5p. Further, an ALJ "must" address such opinions in his or her decision. Id. Here, two state agency examiners opined that plaintiff should have no more than minimal public contact. Upon examination, the first state agency doctor stated claimant "would have limitations in dealing with the public due to his dysthymia."

---

[2]Further, the ALJ did not fully reject the treating physician's ten-pound limitation. Although the RFC does say the claimant is capable of carrying twenty pounds, the hypothetical presented to the vocational expert stated plaintiff "could lift not repetitively but with some frequency not more than 10 pounds." Tr. 440.

Tr. 233. Similarly, a second state agency doctor concluded claimant would be "limited to simple tasks with minimal public contact." Tr. 293. In addition, the medical expert who testified at the hearing indicated plaintiff was "moderately impaired" in terms of his ability to maintain social functioning. Tr. 430-31.

The ALJ makes no mention of plaintiff's limited ability to interact with the public; neither in the opinion nor in the hypothetical presented to the vocational expert. The ALJ therefore erred as a matter of law by not addressing the expert opinions of the state agency examiners in his decision. This error is not harmless. Because at least one of the jobs identified by the ALJ in step five of his determination appears to involve contact with the public, a finding that claimant is limited with this regard could change the ALJ's ultimate conclusion.

Plaintiff asserts that the ALJ's identification of work existing in substantial numbers in the national economy is further flawed by the ALJ's reliance on vocational expert testimony in conflict with the Dictionary of Occupational Titles. This court finds no such conflict. Because the hypothetical presented to the vocational expert may not have included all of plaintiff's relevant limitations, however, the ALJ should re-determine the number of jobs in the national economy suitable for this plaintiff based on any new findings related to plaintiff's non-exertional limitations.

11   - OPINION AND ORDER

3.  <u>ALJ's characterization of an examining physician's opinion and controlling weight of that opinion</u>

Plaintiff asserts that the ALJ did not accurately report the results of a neuropsychological evaluation, thus resulting in legal error invalidating the ALJ's decision.  Specifically, plaintiff argues that the ALJ incorrectly relied on the examining physician's statement that plaintiff is not disabled, and that the ALJ did not consider the work accommodations the physician recommended for the plaintiff.  Plaintiff further argues that the ALJ did not accord the proper weight to the uncontradicted medical opinion of the psychologist performing the evaluation.  These arguments fail.

Plaintiff's first argument is without merit.  Plaintiff asserts that the ALJ erred by relying on a psychologists's statement that plaintiff was "not disabled from all work." Tr. 17.  The ultimate determination of disability is a decision reserved for the Commissioner.  20 C.F.R. §§ 404.1527 and 416.927.  However, in arriving at that determination, "[a] medical source's statement about what an individual can still do is medical opinion evidence that an adjudicator must consider together with all of the other relevant evidence . . . when assessing an individual's RFC." SSR 96-5p.[3]

---

[3]Social Security Regulations anticipate that physicians will from time to time offer opinions that a claimant is "disabled." While such opinions are not entitled to controlling weight, the regulations flatly state that "[s]uch opinions on these issues must not be disregarded."  <u>See</u> SSR 96-5p.

12    - OPINION AND ORDER

While the ALJ in this case draws on the psychologist's statement opining plaintiff "was not disabled from all work," tr. 17, the record indicates the ALJ did not rely solely on that statement in arriving at his ultimate conclusion as plaintiff contends. The ALJ expressly acknowledges in his opinion that "medical evidence is not indicative of total disability." Tr. 18. It is clear the ALJ merely considered the opinion of the psychologist together with all other relevant evidence. The ALJ therefore did not improperly rely on the psychologist's statement in arriving at his ultimate conclusion.

Plaintiff's second argument, that the ALJ did not consider the work accommodations recommended by the psychologist, also fails. The ALJ explicitly acknowledged the accommodations in the last sentence of his summary of the neuropsychological evaluation. Tr. 17. The ALJ therefore considered that opinion together with all other relevant evidence as he was required to do.

Finally, as discussed above, the ALJ summarized the neuropsychological evaluation in his opinion and made findings in response to considering that evidence. To the extent those findings differ from the medical opinion in the evaluation, the ALJ met his burden of providing clear and convincing reasons for doing so. The ALJ thus accorded the proper weight to this medical opinion.

CONCLUSION

For the reasons explained, the ALJ's finding that plaintiff is not disabled within the meaning of the Act is not supported by substantial evidence in the record. The fact that the ALJ failed to take into account plaintiff's limited ability to work with the public could have a significant impact on the ultimate determination of disability. Such a determination is an outstanding issue that must be resolved before a determination of disability can be made. Accordingly, the decision of the Commissioner is reversed and remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated this  12  day of October 2006.


                    /s/ Ann Aiken
                  Ann Aiken
            United States District Judge


14   - OPINION AND ORDER